IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IN RE: SHELL EGGS ANTITRUST LITIGATION

| Member cases: | | | ORDER |
|---|---|---|---|
| 25-cv-946-jdp, | 25-cv-1016-jdp, | 26-cv-102-jdp, | |
| 26-cv-138-jdp, | 26-cv-139-jdp, | 26-cv-140-jdp, | 26-md-3175-jdp |
| 26-cv-155-jdp, | 26-cv-156-jdp, | 26-cv-157-jdp, | |
| 26-cv-158-jdp, | 26-cv-169-jdp, | 26-cv-177-jdp, | |
| 26-cv-178-jdp, | 26-cv-400-jdp, | 26-cv-417-jdp, | |
| 26-cv-422-jdp, | 26-cv-425-jdp, | 26-cv-431-jdp, | |
| 26-cv-454-jdp | | | |

---

Plaintiffs in these proposed class actions allege that defendants conspired to fix the prices of eggs. Six sets of lawyers move for interim leadership positions under Federal Rule of Civil Procedure 23(g)(3). Defendants have also identified liaison counsel, as requested by the court, and the court will approve Daniel E. Laytin of Kirkland & Ellis LLP as liaison counsel for defendants.

Plaintiffs propose a leadership structure based on three possible classes: (1) direct purchasers; (2) indirect commercial purchasers; and (3) indirect consumer purchasers. The court agrees with the parties that the interests of each proposed class are sufficiently distinct to support separate interim lead counsel.

During the initial judicial management conference, the court identified an overall structure for the leadership: (1) one or two lawyers to serve as lead counsel for each of the three proposed plaintiff classes; (2) two to three lawyers who are responsible for coordinating the litigation on behalf of all plaintiffs (with at least one from the direct purchaser class and at least one from an indirect purchaser class); (3) steering committees for each plaintiff class; and

(4) liaison counsel for both plaintiffs and defendants. The court also recommended that each plaintiff class engage local counsel with experience with complex cases in the Western District of Wisconsin.

Counsel for the two indirect purchaser classes have agreed on a proposed leadership structure for each of those classes. The court has reviewed the applications and concludes that they satisfy the criteria in Rule 23(g) and the additional criteria discussed in initial judicial management conference order. Specifically, the parties have made the necessarily preliminary showing that they have the knowledge, experience, and resources necessary to serve as interim lead counsel, that they have sufficient availability to devote the time needed to litigate the case, that they will be able to work together with other counsel for both plaintiffs and defendants, and that they will efficiently divide responsibilities among leadership and other lawyers.

For the indirect commercial purchasers, the court approves the following leadership structure:

- Lead counsel: David M. Cialkowski (Zimmerman Reed LLP) and Michael J. Flannery (Cuneo Gilbert Flannery & LaDuca, LLP)

- Coordinating counsel: David M. Cialkowski (Zimmerman Reed LLP)

- Steering committee: Shawn M. Raiter, Larson (King, LLP), Sterling Aldridge (Barrett Law Group, P.A.), Joshua Rissman (Gustafson Gluek PLLC), Garrett D. Blanchfield (Reinhardt Wendorf & Blanchfield), and Laura K. Mummert (Lite DePalma Greenberg & Afanador, LLC)

- Liaison counsel: Michael J. Flannery (Cuneo Gilbert Flannery & LaDuca, LLP)

For the indirect consumer purchasers, the court approves the following leadership structure:

2

- Lead counsel: Bobby Pouya (Pearson Warshaw, LLP) and Thomas Burt (Wolf Haldenstein Adler Freeman & Herz LLC)

- Coordinating counsel: Brian J. Dunne (Bathaee Dunne LLP)

- Liaison counsel: Brian J. Dunne (Bathaee Dunne LLP)

- Steering committee: Robert Wozniak (Justice Jagher London & Millen LLC), Hammons P. Hepner (Sharp Law LLP), and Blake Hunter Yagman (Yagman PLLC)

As for the direct purchasers, the court received applications from the counsel of following four groups of parties (listed in the order the court received each application): (1) King Kullen Grocery Co., Inc. and Taylor Egg Products Inc. (King Kullen), Dkt. 140; (2) Yell-O-Glow Corporation (Yell-O-Glow), Dkt. 144; (3) Phil-N-Cindys Lunch, Inc. and Birchmans Parisian, LLC (Phil-N-Cindy's), Dkt. 145; and (4) a group of 19 restaurants that are franchises of Denny's Inc. (Denny's), Dkt. 150. The court will grant Phil-N-Cindy's application and deny the others. All counsel who submitted applications meet the criteria in Rule 23(g) and are otherwise qualified, capable, and experienced with multidistrict litigation and antitrust cases. But the court has chosen the lawyers representing Phil-N-Cindy's—Christopher M. Burke from Burke LLP and Vincent Briganti from Lowey Dannenberg, P.C.—as lead counsel for several reasons:

- Their cases were among the first filed in November 2025.

- They have proposed a full leadership structure that includes not just lead counsel but also coordinating counsel and liaison counsel from other law firms, demonstrating that they are able to coordinate with other firms.

- They have already demonstrated leadership. They were primarily responsible for drafting the Rule 16.1 conference report on behalf of plaintiffs, Burke spoke on behalf of the direct purchasers during the conference, and they drafted a document proposing how responsibilities are to be divided among counsel. That document appears to have been adopted by the other groups.

- They are representing the only actual direct purchasers in the consolidated cases, Birchman Paisan. The other direct purchaser plaintiffs are all indirect purchasers who obtained assignments to sue from direct purchasers. It makes sense that the direct purchasers would be represented by counsel who have clients that most closely resemble the proposed class.

- Burke and Briganti have experience coordinating with both the Department of Justice and the Federal Trade Commission. That could be useful experience if the Department of Justice files its own lawsuit related to the issues in this case.

- Phil-N-Cindy's submitted the most detailed plan for managing common benefit time and expenses, suggesting an attention to detail that will be needed for managing these cases.

For these reasons, the court will approve Phil-N-Cindy's proposed leadership for the direct purchasers:

- Lead counsel: Christopher M. Burke (Burke LLP) and Vincent Briganti (Lowey Dannenberg, P.C.)

- Coordinating counsel: Christopher M. Burke (Burke LLP)

- Liaison counsel: Steven M. Biskupic (Biskupic Law LLC)

4

This leaves the question of who should be on the steering committee. Phil-N-Cindy's proposes only member: Amanda Williams from Bassford Remele P.A. The court will approve that choice and will also allow each of the other law firms who applied for leadership but did not receive a position to nominate a member to the steering committee.

The court will adopt Phil-N-Cindy's proposal for the division of responsibilities among the leadership and other lawyers as well as Phil-N-Cindy's proposal for managing common benefit time and expenses. Dkt. 149-2 and Dkt. 149-3. The court emphasizes that the primary responsibility of coordinating counsel is to ensure that all three sets of counsel speak with a unified voice whenever possible to avoid inefficiency and duplication of effort. Evidence about injury and damages will vary across each of the groups. But evidence about the existence and scope of a price-fixing conspiracy should be common across the classes. So the role of coordinating counsel will be critical in ensuring that there is no redundancy or wasted effort in the context of discovery, motion practice, and any other aspect of litigation.

One final point. The court observes that none of the direct purchaser plaintiffs identified local counsel who have significant experience doing complex litigation in this district. The court repeats its recommendation to seek the guidance of such counsel.

ORDER

IT IS ORDERED that:

1. The joint application for interim leadership positions on behalf of indirect commercial purchasers, Dkt. 122, is GRANTED.

2. The joint application for interim leadership positions on behalf of indirect consumer purchasers, Dkt. 134, is GRANTED.

3. The application for interim leadership positions on behalf of direct purchasers filed by Phil-N-Cindy's Lunch, Inc. and Birchmans Parisian, LLC, Dkt. 145, is GRANTED.

4. The applications for interim leadership positions filed by King Kullen Grocery Co., Inc. and Taylor Egg Products, Inc., Dkt. 140, Yell-o-Glow Corporation, Dkt. 144, and the Denny's restaurants, Dkt. 150, are DENIED.

5. The following interim leadership structure is APPROVED: (a) Christopher M. Burke, Vincent Briganti, David M. Cialkowski, Michael J. Flannery, Bobby Pouya, and Thomas Burt as lead counsel; (b) Christopher M. Burke, David M. Cialkowski, and Brian J. Dunne as coordinating counsel; (c) Steven M. Biskupic, Michael J. Flannery, and Brian J. Dunne as liaison counsel. The court also approves the proposed members of the steering committees for the indirect purchasers.

6. Defendants' nomination of Daniel E. Laytin of Kirkland & Ellis LLP as liaison counsel, Dkt. 130, is APPROVED.

7. The court adopts the proposals at Dkt. 149-2 and Dkt. 149-3 for division of responsibilities and management of common benefit time and expenses. All plaintiffs' counsel should follow those guidelines.

8. Lead counsel for the direct purchasers is directed to confer with counsel for the other direct purchaser applicants and inform the court no later than June 15 of the members of the steering committee.

Entered June 8, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge