**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| IN RE: SHELL EGGS ANTITRUST LITIGATION<br><br>This document relates to:<br>All Actions | Case No. 26-md-3175-jdp<br>MDL No. 3175<br><br>Chief Judge James D. Peterson<br>Magistrate Judge Anita M. Boor |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF PLAINTIFFS' MOTION TO EXTEND CERTAIN**
**DEADLINES IN THE INITIAL JUDICIAL MANAGEMENT CONFERENCE ORDER**

**INTRODUCTION AND BACKGROUND**

On May 8, 2026, the Court entered an Initial Judicial Management Conference Order (Dkt. No. 105) ("Order") setting deadlines for the initial phase of this case. Under the Order, Plaintiffs' consolidated complaints are due by July 10, 2026, and Defendants' motions to dismiss (if any) must be filed by August 21, 2026. For several weeks, Plaintiffs, through their court-approved leadership counsel, have worked diligently to prepare their consolidated complaints in accordance with the Court's schedule. However, in the past week two significant developments have occurred, necessitating a brief 21-day extension of time for Plaintiffs to file their consolidated complaints: (1) Plaintiffs reached a settlement in principle, memorialized in an executed Memorandum of Understanding ("MOU"), with Defendant Urner Barry; and (2) the U.S. Department of Justice ("DOJ") filed a Section 1 complaint against Defendants Cal-Maine and Versova.

On June 25, 2026, Plaintiffs representing all three classes executed an MOU that among other things requires Urner Barry to produce: (1) a Bates-stamped reproduction of materials and associated correspondence previously produced to the DOJ pursuant to legal process; (2) deposition testimony taken by the DOJ; and (3) years of structured data relevant to Urner Barry price publications at issue in this litigation. This production, the first tranche of which Urner Barry produced last Friday, June 26, 2026, is highly relevant to and should be considered as part of any consolidated complaints prepared by Plaintiffs.

On June 29, the DOJ and the Attorneys General of New York, Arizona, California, Colorado, Connecticut, Florida, Hawaii, Iowa, Maryland, Minnesota, North Carolina, Ohio, Pennsylvania, Texas, Utah, Vermont, and Wisconsin (the "State AGs") filed a civil lawsuit in the Northern District of Iowa alleging that egg producers Cal-Maine, Versova, and Hickman's Egg Ranch engaged in antitrust violations by agreeing to submit bids designed to artificially inflate the

daily price quotations for eggs published by Urner Barry Publications, Inc. (the "Government Lawsuit"). *See United States v. Cal-Maine Foods, Inc., et al.*, Case. No. 5:26-cv-4060 (N.D. Iowa Jun. 29, 2026), Dkt. No. 1, Dunne Decl. Ex. A. That same day, the DOJ and State AGs filed consent decrees and judgments requiring these three egg producers to pay monetary relief and make egg donations to enumerated states, and to change their behavior regarding the quoting and submission of egg prices. *See id.* Dkt. Nos. 2-1 through 2-6, Dunne Decl. Exs. B-G. The Government Lawsuit and related settlements contain new facts and information directly relevant to the Plaintiffs' consolidated complaints.

Plaintiffs are working diligently to review, analyze, and incorporate this recently disclosed information and evidence into their pleadings. However, given the complex nature and sheer volume of the materials, which Plaintiffs received two weeks or less before the July 10, 2026 deadline for filing their consolidated complaints, Plaintiffs cannot reasonably complete their review and analysis of the new evidence—particularly the critical Urner Barry documents and data—absent an extension of time. For these reasons, Plaintiffs respectfully seek a 21-day extension of the current deadlines for: (1) the filing of Plaintiffs' consolidated complaints; (2) briefing on Defendants' motions to dismiss; (3) the filing of the parties' Rule 26(f) report; and (4) the Rule 16 scheduling conference.

This request for continuance will have a minimal effect on the overall schedule of the case, which is currently being negotiated by the parties and will be proposed to the Court in the upcoming Rule 26(f) report. Allowing Plaintiffs additional time to fully incorporate newly discovered facts into their consolidated complaints will reduce the potential for later amendments and related motion practice, thereby expediting the resolution of this case and reducing the burden on the Court. Defendants have been consulted and take no position on this request.

3

**ARGUMENT**

Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Here, Plaintiffs have shown diligence, as their request for extension is being filed within days of reaching the MOU with defendant Urner Barry and the filing of the Government Lawsuit. These recent intervening events, which have occurred within two weeks of the deadline to file Plaintiffs' consolidated complaints, necessitate and support the extension sought by this motion.

Under the MOU entered on June 25, 2026, Urner Barry will provide discovery to the Plaintiff Classes, including through the production of documents and data concerning submissions to Urner Barry by egg producers and the calculation of the Urner Barry benchmark price. Dunne Decl. ¶ 6. On Friday, June 26, 2026, Urner-Barry made its initial production to Plaintiffs, of 37.4 GB of material that includes approximately four years of market assessment data, as well as several years of data and documents concerning the calculation of the Urner Barry egg price over the Class Period. *Id.*

The recent Government Lawsuit also contains new facts, including emails and text messages, that are relevant to the existence of the antitrust conspiracy alleged by Plaintiffs. *See e.g. United States v. Cal-Maine Foods, Inc.*, No. 5:26-cv-4060 (N.D. Iowa Jun. 29, 2026), Dkt. No. 1 at ¶ 16 (egg producer CEO, writing to other egg producers including Cal-Maine: "If we all bid in our respective areas for the 3-5 loads minimum we are short . . . the [Urner-Barry] market reporters will have to address."); *id.* at ¶ 22 ("As a group we need to bid like they vote in Chicago, early and often."); *id.* at ¶ 27-28 (identifying sham producer-to-producer trades executed at

4

premium prices, including between defendants Cal-Maine and Versova, because an Urner-Barry reporter "needs premium trades to hang her hat on"). Moreover, the proposed consent decrees and judgments between the DOJ, State AGs, and egg producers need to be analyzed and considered in conjunction with any consolidated complaint.

Under the present schedule, Plaintiffs would have less than two weeks to review, analyze, and incorporate a substantial volume of newly disclosed material into their consolidated complaints. To be clear, Plaintiffs have already begun this review and analysis, and will continue to pursue it aggressively irrespective of this motion. However, Plaintiffs cannot complete a meaningful review and analysis of the new documents and data, which must be conducted in parallel with preparing and finalizing many other aspects of Plaintiffs' consolidated complaints on the current schedule, and fully incorporate them into their pleadings by July 10.

A 21-day extension of the deadline to file Plaintiffs' consolidated complaints is reasonable and justified under these circumstances. To ensure fairness to the Defendants, Plaintiffs are requesting corresponding 21-day continuance of the deadlines for the briefing on any motions to dismiss by Defendants. Finally, at Defendants' request, Plaintiffs are also seeking a 21-day extension of the deadline for the parties to file a Rule 26(f) report and for the Court to hold the Rule 16 scheduling conference. The latter extension would permit any motions to dismiss to be filed prior to the Rule 16 conference. *See* Hr'g Tr. 26:21-27:2, May 8, 2026 (Rule 16.1 conference).

This brief continuance of time will have a minimal impact on the overall schedule, which the parties are currently negotiating and will present to the Court in the Rule 26(f) report. Furthermore, this continuance will allow the Court to consider the sufficiency of the Plaintiffs' pleadings on a more complete record and reduce any potential need for filing additional complaints or engaging in additional motion to dismiss briefing. *See* Fed. R. Civ. P. 15(a)(2); *Runnion ex rel.*

*Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015); *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored.").

## CONCLUSION

For the foregoing reasons, this motion should be granted.

Dated: July 2, 2026

s/ *Bobby Pouya*
Daniel L. Warshaw (*pro hac vice*)
Bobby Pouya (*pro hac vice*)
Adrian Buonanoce (*pro hac vice*)
Naveed Abaie (*pro hac vice*)
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Tel. (818) 788-8300
dwarshaw@pwfirm.com
bpouya@pwfirm.com
abuonanoce@pwfirm.com
nabaie@pwfirm.com

Brian S. Pafundi (*pro hac vice*)
**PEARSON WARSHAW, LLP**
328 Barry Ave. South, Suite 200
Wayzata, MN 55391
Tel. (612) 389-0600
bpafundi@pwfirm.com

Neil Swartzberg (Pro Hac Vice)
555 Montgomery St., Suite 1205
San Francisco, CA 94111
**PEARSON WARSHAW, LLP**
Tel. (415) 433-9000
nswartzberg@pwfirm.com

s/ *Thomas H. Burt*
Thomas H. Burt
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

Respectfully submitted,

s/ *Brian J. Dunne*
Brian J. Dunne
Edward M. Grauman
Kaki J. Johnson
**BATHAEE DUNNE LLP**
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Phone: 512-575-8848
bdunne@bathaeedunne.com
egrauman@bathaeedunne.com
kjohnson@bathaeedunne.com

Yavar Bathaee
Andrew Wolinsky
**BATHAEE DUNNE LLP**
445 Park Ave, 9th Floor
New York, NY 10022
Phone: 332-208-7337
yavar@bathaeedunne.com
awolinsky@bathaeedunne.com

Allison Watson
**BATHAEE DUNNE LLP**
3420 Bristol Street, Suite 600
Costa Mesa, CA 92626
Phone: 213-458-7075
awatson@bathaeedunne.com
*Consumer Indirect Coordinating and Liaison Counsel*

6

270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
burt@whafh.com

Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

Betsy C. Manifold
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Tel: (619) 239-4599
Fax: (619) 234-4599
manifold@whafh.com

*Consumer Indirect Co-Lead Class Counsel*

*s/ David M. Cialkowski*
David M. Cialkowski
Ian F. McFarland
Zachary J. Freese
Giselle M. Webber
**ZIMMERMAN REED LLP**
1100 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
Tel: (612) 341-0400
david.cialkowski@zimmreed.com
ian.mcfarland@zimmreed.com
zachary.freese@zimmreed.com
giselle.webber@zimmreed.com
*s/ Michael J. Flannery*
Michael J. Flannery (*pro hac vice*)
**CUNEO GILBERT FLANNERY & LADUCA,
LLP**
Two City Place Drive

*s/ Christopher M. Burke*
Christopher M. Burke
John Chisholm
Yifan (Kate) Lv
**Burke LLP**
402 West Broadway, Suite 1890
San Diego, CA 92101
Telephone: (619) 369-8244
cburke@burke.law
jchisholm@burke.law
klv@burke.law

*s/ Vincent Briganti*
Vincent Briganti
Raymond P. Girnys
Peter A. Barile III
Peter Demato
Nicole A. Veno
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Phone: (914) 997-0500
vbriganti@lowey.com
rgirnys@lowey.com
pbarile@lowey.com
pdemato@lowey.com
nveno@lowey.com

*Direct Purchaser Co-Lead Class Counsel*

7

Second Floor
St. Louis, MO 63141
Tel: (314) 226-1015
mflannery@cuneolaw.com

Evelyn Riley (*pro hac vice*)
Cody McCracken (*pro hac vice*)
**CUNEO GILBERT FLANNERY & LADUCA,
LLP**
2445 M St. NW
Suite 740
Washington, DC 20037
Telephone: (202) 789-3960
Fax: (202) 789-1813
evelyn@cuneolaw.com
cmccracken@cuneolaw.com

*Commercial Indirect Co-Lead Counsel*