**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| IN RE: SHELL EGGS ANTITRUST LITIGATION | Case No. 26-md-3175-jdp<br>MDL No. 3175 |
| This document relates to:<br>All Actions | Chief Judge James D. Peterson<br>Magistrate Judge Anita M. Boor |

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND DEADLINES AND ENLARGE PAGE LIMITS

Defendants[1] respectfully move for (1) a 60-day extension of the current deadlines for the Rule 26(f) report and motion to dismiss briefing, together with a corresponding continuance of the Rule 16 scheduling conference; and (2) a limited modification of the briefing limits applicable to the motions to dismiss to account for the substantially expanded group of Defendants now named in the consolidated complaints.

## PRELIMINARY STATEMENT

When the Court established preliminary deadlines in May, this litigation involved a materially smaller group of Defendants and a substantially narrower factual record. Plaintiffs' consolidated complaints, filed July 31, added eleven new Defendant groups and significantly expanded the factual allegations based mainly on events occurring after the May 8 conference. Those developments include the Department of Justice's June 29 enforcement action against a subset of the Defendants now named in this litigation and Plaintiffs' settlement with Urner Barry, pursuant to which Plaintiffs obtained materials concerning the conduct alleged in the consolidated

[1] This motion is made on behalf of Defendants who have already appeared before the Court; many Defendants, as discussed in this motion, have not yet appeared, and are therefore not joined in this motion. In the interest of efficiency and uniformity, the extended deadlines (if provided) should apply to any defendant that has been recently served or who, after service, would otherwise be required to file an earlier response.

complaints. The case now before the Court is therefore broader in parties, allegations, and factual scope than the case for which the existing deadlines were established.

Many of the newly named Defendants have not yet been served, have not appeared, and have not retained counsel known to the original Defendants, *i.e.*, the defendants named in a complaint prior to the July 31 consolidated complaints. The original Defendants therefore cannot speak for those parties, bind them to positions concerning discovery or case management, or meaningfully coordinate with them on the Rule 26(f) report or motions to dismiss. That is particularly significant because the Rule 26(f) report (currently due next week) will require the parties to take positions on discovery protocols, discovery limits, sequencing, and a multi-year case schedule that will directly affect every Defendant. Proceeding before the newly named Defendants can participate would risk setting important case management positions without a substantial portion of the defense group at the table.

The parties have met and conferred regarding Defendants' proposal. Although Plaintiffs oppose the 60-day extension, they have acknowledged that additional time is warranted and counter-proposed extending the principal motion to dismiss deadlines by a mere 28 days. But Plaintiffs' proposal does not account for the practical time required to complete service on the newly named Defendants, permit newly named Defendants to retain counsel and assess the consolidated complaints (substantial portions of which are not available to the public), and meaningfully include all parties in the Rule 26(f), case management, and Rule 12 processes.

A 60-day extension is the more practical and efficient approach. It provides an opportunity for service to be completed, newly named Defendants to retain counsel and evaluate the consolidated complaints, and the expanded defense group to coordinate positions on the Rule 26(f) report and motions to dismiss. It also increases the likelihood that the revised deadlines can apply

uniformly to all Defendants, including those newly added, and reduces the risk that newly appearing Defendants will later need to seek separate relief. Addressing those foreseeable issues now is more efficient than proceeding under an interim schedule that will almost certainly require further modification.

Defendants also seek a limited modification of the Court's existing briefing limits for the motions to dismiss. Under the current Order, motions to dismiss are subject to a 22,000-word limit for opening briefs and oppositions and an 11,000-word limit for replies, and expresses the Court's preference that common and individual arguments be coordinated where possible. Defendants' proposal preserves that approach while accounting for the substantially expanded Defendant group. ECF No. 105. Specifically, Defendants propose a single consolidated motion to dismiss of up to 14,500 words (approximately 58 pages) and defendant-specific supplemental briefs of up to 1,500 words (approximately 5 pages), with oppositions of the same length. For replies, Defendants propose 7,250 words (approximately 24 pages) for the reply in support of the consolidated motion and 750 words for replies in support of individual motions. This structure keeps common arguments in one coordinated submission, avoids repetition, and provides a limited mechanism for individual Defendants to address pleading issues unique to them.

## BACKGROUND

After various direct and indirect shell-egg purchasers filed putative class actions around the country, the Judicial Panel on Multidistrict Litigation transferred the cases to this Court for coordinated pretrial proceedings. ECF No. 1. On May 8, 2026, the Court held its Initial Judicial Management Conference. At the conference, the Court set a schedule for leadership applications, motions to dismiss briefing, the 26(f) report, and the Rule 16 Scheduling Conference. *See* ECF No. 106, 5/8 Hr'g Tr. 26–28. The Court indicated that setting the scheduling conference, and by

extension a scheduling order, would be deferred until the Court had the opportunity to "see the motions to dismiss because [the Court would] learn a lot about the case from the motions to dismiss . . . ." *Id.* at 26:24–27:1. The Court also directed that the forthcoming 26(f) report contain "real detail in it" concerning the parties' proposed management of discovery. *Id.* at 29–30.

Specifically, the 26(f) report was to include a comprehensive, detailed discovery plan addressing the method of discovery, the number of depositions, ESI protocols, phases of discovery, and stipulations governing discovery throughout the litigation. *Id.* at 28:9–30:4. At the same conference, the discussion concerning additional parties focused on the possibility of additional plaintiffs and additional actions being consolidated into the MDL. *Id.* at 8–10; *id.* at 10:10–15 (Plaintiffs' "main effort" was "to bring in more people to cover more states."). Indeed, in the joint report filed before the conference, Plaintiffs specifically represented that "while the consolidated complaints may contain ***some*** differences, Plaintiffs do not expect the core facts or case theory to change." ECF No. 74 at 17 (emphasis added). The significantly expanded group of Defendants ultimately named in the July 31 consolidated complaints was not then before the Court or raised by Plaintiffs.

On May 8, the Court entered an order memorializing the anticipated preliminary schedule discussed at the hearing. ECF No. 105. Upon Plaintiffs' subsequent request, certain deadlines were extended, and the operative schedule now requires the Rule 26(f) report to be filed on August 21, 2026, motions to dismiss on September 11, 2026, oppositions on October 16, 2026, replies on November 6, 2026, and the Rule 16 scheduling conference to occur on October 2, 2026. ECF No. 171. Those deadlines were established before Plaintiffs filed the operative consolidated complaints and before the full scope of the expanded Defendant group and new allegations was known to Defendants.

Since the May 8 hearing and related order, much has changed with Plaintiffs' case. The DOJ filed a civil enforcement proceeding on June 29 against three egg producers, which was accompanied by proposed final judgments to resolve those cases. *United States v. Cal-Maine Foods, Inc.*, No. 5:26-cv-4060, ECF No. 1 (N.D. Iowa June 29, 2026). Additionally, the Plaintiffs in this litigation settled with Defendant Urner Barry. ECF No. 169 at 2. That settlement required Urner Barry to produce swaths of information to Plaintiffs, including "(1) a Bates-stamped reproduction of materials and associated correspondence previously produced to the DOJ pursuant to legal process; (2) deposition testimony taken by the DOJ; and (3) years of structured data relevant to Urner Barry price publications at issue in this litigation." *Id.*

On July 31, the Direct Purchaser Plaintiffs, Consumer Indirect Purchaser Plaintiffs, and Commercial Indirect Purchaser Plaintiffs filed three consolidated complaints. Those pleadings added eleven new Defendant groups, hundreds of new factual allegations, including allegations concerning interfirm communications, producer transactions and bidding activity, Urner Barry pricing, and conduct described in the DOJ enforcement action. *See* ECF Nos. 176–181. The consolidated complaints therefore present a substantially broader case, both in the number of parties and in the factual allegations that must be addressed in discovery planning and motion to dismiss briefing.

Service on the newly added Defendants remains ongoing. Some have not yet been served, and others have not yet appeared or identified counsel to the original Defendants. *See, e.g.*, ECF No. 207. The composition of the defense group therefore remains in flux as the current Rule 26(f) and motion to dismiss deadlines approach. The original Defendants are continuing to coordinate with newly appearing counsel as those appearances occur, but as of the date of this Motion, most newly named parties are not yet participating in those discussions.

The parties also continue to address access to the unredacted consolidated complaints. Material portions of those pleadings remain under seal, and in a number of instances existing and newly appearing defense counsel are not yet in a position to provide the complete unredacted complaints to their clients. As a result, some Defendants have not yet been able to review with their counsel the full set of allegations directed at them. That issue further complicates efforts to complete coordinated case management discussions and motion to dismiss preparation on the current timetable.

The parties met and conferred regarding modification of the existing deadlines and briefing limits but were unable to reach agreement. As the parties have reached an impasse on these issues, this motion follows.

## ARGUMENT

### A. There is Good Cause to Extend the Existing Preliminary Deadlines by 60 Days.

Defendants seek to extend the remaining preliminary deadlines by 60 days. Where, as here, a party seeks to extend a deadline before the deadline's expiration, that party must establish good cause for the requested extension. *See* Fed. R. Civ. P. 6(b)(1)(A). "[U]nder Rule 6(b)(1), as interpreted by case law, the term 'good cause' imposes a light burden." *McCann v. Cullinan*, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015). That standard is readily satisfied here.[2] The consolidated complaints significantly expanded both the number of Defendants and the factual scope of the litigation after the Court established the existing preliminary schedule, and many newly named Defendants have not yet been served, appeared, or joined the coordinated defense

[2] Because the Rule 16 conference has not yet occurred and no scheduling order has been entered, Defendants file this motion under Rule 6. *Compare* Fed. R. Civ. P. 6(b)(1)(A), *with id.* 16(b)(4). In any event, even if Rule 16(b)(4)'s good cause standard applies, which considers the diligence of Defendants, Defendants satisfy that standard by seeking this relief approximately two weeks after the filing of the consolidated complaints and before all Defendants have even been served. *See, e.g.*, *Williams-Roberts v. Coloplast Corp.*, 2021 WL 3570708, at *1 (N.D. Ind. June 23, 2021) (discussing Rule 16(b)(4)'s good cause standard).

process. Those developments make the current deadlines impracticable and warrant the limited extension requested.

Most significantly, when Plaintiffs filed their consolidated complaints on July 31—about 14 days ago—they added eleven new defendants. The difference between the case contemplated when the preliminary deadlines were set and the case now before the Court is reflected below (with new defendants highlighted):

| **Defendants as of May 8** | **Defendants as of July 31** |
|---|---|
| Cal-Maine Foods, Inc. | Cal-Maine Foods, Inc. |
| Rose Acre Farms, Inc. | Rose Acre Farms, Inc. |
| Versova entities | Versova entities |
| Hillandale Farms entities | Hillandale Farms entities |
| Daybreak Foods, Inc. | Daybreak Foods, Inc. |
| Egg Clearinghouse, Inc. | Egg Clearinghouse, Inc. |
| Urner Barry Publications, Inc. d/b/a Expana | Urner Barry Publications, Inc. d/b/a Expana |
| Opal Foods LLC (named although not served) | Opal Foods LLC |
| United Egg Producers | Cooper Farms, Inc. |
| | Hickman’s Egg Ranch, Inc. |
| | Luberski Inc. d/b/a Hidden Villa Ranch |
| | Kreider Dairy Farms, Inc. |
| | Midwest Poultry Services, L.P. d/b/a MPS Egg Farms |
| | Oakdell Farms, LLC |
| | Pearl Valley Farms, Inc. |
| | Prairie Star Farms, LLC |
| | ProEgg Cooperative |
| | Sparboe Farms, Inc. |
| | Weaver Bros., Inc. d/b/a Weaver Eggs |

This expansion has practical consequences for the imminent deadlines. Service on the newly added Defendants remains ongoing, and several have not yet appeared or joined the

coordinated defense process. *See, e.g.*, ECF No. 207 (affidavit of service as to Weaver Bros., Inc. d/b/a Weaver Eggs). The original Defendants cannot determine or present the positions of parties that are not yet participating, particularly on issues such as discovery limits, ESI procedures, sequencing, and Defendant-specific Rule 12 arguments.

The Rule 26(f) deadline presents the clearest example. The Court directed the parties to submit a detailed discovery plan addressing the scope and limits of discovery, deposition practice, ESI procedures, and discovery sequencing with "real detail." *See* ECF No. 105 at 3; ECF No. 106, 5/8 Hr'g Tr. 29–30. The original Defendants cannot reasonably resolve those issues for newly added parties that have not yet appeared. A 60-day extension provides a realistic opportunity for those Defendants to be served, retain counsel, assess the consolidated complaints, and contribute to the positions that will shape discovery for the duration of the case.

A 60-day extension also promotes efficiency by increasing the likelihood that the revised deadlines can apply uniformly to all Defendants. A shorter extension may leave newly named Defendants still being served, retaining counsel, or joining the coordinated process as the revised deadlines approach, creating a foreseeable risk that those parties will later seek separate relief. Addressing that issue now is more efficient than adopting an interim schedule that may require additional motion practice based on circumstances already known.

Maintaining the current 26(f) Report deadline and motion to dismiss briefing schedule would also not be in the interest of judicial efficiency and economy. The 26(f) report is currently due next week, likely before all the newly added defendants are served. Extending that deadline by 60 days increases the likelihood that the parties can submit a single, coordinated Rule 26(f) report that reflects the views of all defendants and that the resulting schedule can apply uniformly. Rather than proceeding under an interim schedule that would certainly require modification once

newly appearing defendants seek relief, it would be more efficient to proceed once all parties have appeared and are participating in the process.

The same considerations support extending the motion to dismiss schedule. Defendants intend to coordinate their briefing to present common Rule 12 arguments efficiently and minimize duplicative submissions. That effort necessarily requires participation by the newly named Defendants so that the defense group can determine which arguments are common and which are specific to particular Defendant families. A common deadline will permit the motions directed to the same consolidated complaints to proceed on a unified schedule and better position the Court to consider the related Rule 12 issues together. By contrast, proceeding before the newly named Defendants can meaningfully participate risks staggered briefing, later joinders, and requests for separate deadlines. Moreover, depending on the timing of service, newly added Defendants' deadlines to respond may be after the current motion to dismiss deadline; extending by 60 days would ensure all motions, responses, and replies remain on the same schedule.[3]

Good cause also exists in view of the substantial new factual allegations in the consolidated complaints, which stem from events occurring after the Court set the preliminary schedule on May 8. Such events include the DOJ's enforcement proceeding and Plaintiffs' settlement with Urner Barry, which resulted in substantial documents Plaintiffs have categorized as "highly relevant." ECF No. 169 at 2; *United States v. Cal-Maine Foods, Inc.*, No. 5:26-cv-4060, ECF No. 1 (N.D. Iowa June 29, 2026). The consolidated complaints include new allegations of communications between egg producers and Urner Barry, coordinated bidding through ECI, and the DOJ enforcement action. *See, e.g.*, ECF Nos. 176–181, Compl. ¶¶ 230–37, 247–49, 264, 267.

[3] Accomplishing this goal is contingent on the Plaintiffs diligently serving the balance of the unserved newly added Defendants. To the extent Plaintiffs do not do so, Defendants may seek further relief concerning deadlines for the same reasons articulated in this motion.

These new allegations are relevant to both the Rule 26(f) report and the motion to dismiss briefing. Defendants should have a meaningful opportunity to investigate them before taking positions on discovery and case management or filing dispositive motions.

The compressed schedule is also complicated by the fact that large portions of the consolidated complaints remain under seal, and some Defendants and their counsel are not yet in a position to review the complete unredacted pleadings with their clients. That limitation further impedes informed coordination on Defendant-specific Rule 12 arguments and discovery positions under the current timetable.

The requested extension will not prejudice any party. There is currently no full case schedule, and the consolidated complaints were only filed two weeks ago. To the contrary, prejudice will result if no extension is granted, particularly to the newly added Defendants.

In sum, Defendants request that the remaining preliminary deadlines be extended by 60 days and the following schedule be entered:

| Event | New Deadline |
|---|---|
| Rule 26(f) Report | October 20, 2026 |
| Motions to Dismiss | November 10, 2026 |
| Responses to Motions to Dismiss | December 15, 2026 |
| Reply in Support of Motions to Dismiss | January 12, 2027[4] |
| Rule 16 Conference | December 1, 2026 (or another day convenient to the Court) |

## B. The Page Limits Applicable to the Motion to Dismiss Should Also be Modified.

[4] Defendants seek to extend the reply deadline by one week beyond the 21-day period so that it does not fall immediately after the holidays.

Defendants also request a modification to the word limits applicable to the motion to dismiss briefing. The Court's current order provides for coordinated briefing subject to a 22,000 word limit (approximately 75 pages) for opening briefs and oppositions, with replies being limited to 11,000 (approximately 35 pages). ECF No. 105 at 4. In lieu of the filing of a single consolidated motion to dismiss, Defendants request leave to file a single consolidated motion to dismiss of up to 14,500 words (approximately 58 pages) and defendant-specific supplemental briefs of up to 1,500 words (approximately 5 pages), with oppositions of the same length. For replies, Defendants propose 7,250 words (approximately 24 pages) for the reply in support of the consolidated motion and 750 words for replies in support of individual motions.

This restructuring will enable Defendants to present joint arguments in a single brief while preserving each Defendant's ability to address pleading issues specific to it. That opportunity is important given the substantial new allegations, which may mask pleading deficiencies as to individual Defendants. Plaintiffs nonetheless maintain the burden to plead an actionable claim of conspiracy as to each individual defendant. *See, e.g.*, *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Although every conspirator is responsible for others' acts within the scope of the agreement, it remains essential to show that a particular defendant joined the conspiracy and knew of its scope.").

**CONCLUSION**

For the reasons above, Defendants request that the Court (1) extend the deadlines for the Rule 26(f) report and motions to dismiss by 60 days, with corresponding extensions for the response and reply deadlines and the Rule 16 scheduling conference; and (2) modify the page limits applicable to motions to dismiss in the manner discussed above.

The parties met and conferred regarding the requested relief but were unable to reach agreement. Plaintiffs agree that some extension of the current deadlines and some enlargement of the existing briefing limits are warranted, but oppose the relief requested by Defendants.

Dated: August 14, 2026

Respectfully submitted,

*s/ Daniel E. Laytin*
Daniel E. Laytin, P.C. (*pro hac vice*)
Christa C. Cottrell, P.C. (*pro hac vice*)
Elisabeth C. Logan (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
333 W. Wolf Point Plaza
Chicago, IL 60654
Tel.: 312-862-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com
elisabeth.logan@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
4550 Travis Street
Dallas, TX 75205
Tel.: 214-972-1770
olivia.adendorff@kirkland.com

Ryan J. Walsh
Amy C. Miller
**EIMER STAHL LLP**
2 E. Mifflin Street, Ste. 703
Madison, WI 53703
Tel.: 608-620-8345
rwalsh@eimerstahl.com
amiller@eimerstahl.com

*Attorneys for Defendant Cal-Maine Foods, Inc.*

Kendall W. Harrison
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Tel. 608-257-3911
kharrison@gklaw.com

*/s/ Christopher E. Ondeck*
Christopher E. Ondeck (*pro hac vice*)
Stephen R. Chuk (*pro hac vice*)
Jared M. DuBosar (*pro hac vice*)
Rucha A. Desai (*pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue NW, Suite 600 South
Washington, DC 20004
(202) 416-6800
condeck@proskauer.com
schuk@proskauer.com
jdubosar@proskauer.com
rdesai@proskauer.com

*Counsel for Defendants Daybreak Foods, Inc. and Egg Clearinghouse, Inc.*

*/s/ Wendy Arends*

Wendy Arends
State Bar No.: 1090021
HUSCH BLACKWELL LLP
33 East Main Street, Suite 300
Madison, WI 53703
wendy.arends@huschblackwell.com

Phone: (608) 258-7382
Fax: (608) 258-7138

Alicia L. Downey
*Admitted pro hac vice*
DOWNEY LAW LLC
155 Federal Street, Suite 300
Boston, MA 02110
alicia@downeylawllc.com
Phone: (617) 444-9811
Fax: n/a

James A. King (*pro hac vice*)\
Eleanor R. Tosti (*pro hac* vice)
Helen M. Fite (*pro hac vice*)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, Suite 2900
Columbus, OH 43215
Tel. 614-227-2000
jking@porterwright.com
etosti@porterwright.com
hfite@porterwright.com

Jay L. Levine (*pro hac vice*)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
2020 K Street, N.W., Suite 600
Washington, DC 20006
Tel. 202-778-3021
jlevine@porterwright.com

*Counsel for Defendant Rose Acre Farms, Inc.*

*/s/ Michael D. Bonanno*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
mikebonanno@quinnemanuel.com

*Counsel for Hickman's Egg Ranch, Inc.*

*s/ Mario Nguyen*
Patrick F. Linehan
Matthew James Galvin
Mario H. Nguyen
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (718) 290-3534
plinehan@steptoe.com
mgalvin@steptoe.com
mnnguyen@steptoe.com

Ausra Ona Deluard

*Counsel for Defendant Opal Foods LLC*

*/s/ Robin P. Sumner*
Robin P. Sumner (*pro hac vice*)
Michael J. Hartman (*pro hac vice*)
Patrick DeSabato (*pro hac vice*)
Kaitlin Meola (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
3000 Two Logan Square, 18th & Arch Streets
Philadelphia, PA 19103
Tel.: 215-981-4000
robin.sumner@troutman.com
michael.hartman@troutman.com
patrick.desabato@troutman.com
kaitlin.meola@troutman.com

Kendall W. Harrison
**GODFREY & KAHN, S.C.**
One East Main Street, Ste. 500
Madison, WI 53703
Tel.: 608-257-3911
kharrison@gklaw.com

*Attorneys for Defendant Versova Holdings, LLC*

*/s Gwendolyn J. Lindsay Cooley*

Gwendolyn J. Lindsay Cooley
WI State Bar No. 1053856
Lindsay Cooley Law
PO Box 105
Mount Horeb, WI 53572
(608) 909-6886
gwendolyn@lindsaycooley.com

*Counsel for Defendant Weaver Eggs*

**AURIAN P.C.**
1 Sansome St., Ste. 1400
San Francisco, CA 94104
Tel.: 415-891-0940
ausra@aurianlaw.com

*Attorneys for Defendants Hillandale Farms of Pa., Inc., Hillandale-Gettysburg, LLC, Hillandale Farms, Inc., Hillandale Farms East, Inc., and Hillandale Farms Corporation*