**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

IN RE SHELL EGGS ANTITRUST LITIGATION

Case No.:3:26-md-03175-jdp
MDL No. 3175

Chief Judge James D. Peterson
Magistrate Judge Anita M. Boor

---

**DECLARATION OF ALICIA L. DOWNEY REGARDING THE COURT'S TEXT ORDER DATED SEPTEMBER 2, 2026**

---

I, Alicia L. Downey, pursuant to 28 U.S.C. § 1746, hereby declare and state as follows:

1. I am co-counsel for Defendant Opal Foods LLC ("Opal") in the above-captioned litigation. I submit this declaration based upon my personal knowledge, to correct a misstatement by Plaintiffs that was incorporated into the Court's September 2, 2026, Text Order (Dkt. #270) addressing Plaintiffs' Notice Regarding Compliance with the Court's Order Regarding Service of Consolidated Complaints on Defendants, filed September 1, 2026 (the "Notice") (Dkt. #265).

2. Plaintiffs' Notice states, incorrectly, that "Defendant Sparboe, Inc. [i.e., Sparboe Farms, Inc., hereinafter "Sparboe"] was purchased by Defendant Opal Foods LLC, which has been served and is represented by counsel." Dkt. #265, Notice, page 2. The Text Order states, in turn, "Plaintiffs have notified the court that they have served all but one of the defendants, Sparboe, Inc., who plaintiffs say is owned by Opal Foods, LLC (another defendant who has already been served)." Dkt. #270. The Text Order further requests "that Opal provide any assistance that it can in effectuating service" on Sparboe. *Id.*

3. Opal holds no direct or indirect ownership interest in Sparboe. Opal and Sparboe are separate, unrelated entities under separate ownership and management.[1] Opal has no right,

---

[1] Sparboe continues to maintain its own website. *See* https://www.sparboe.com/.

obligation or authorization to accept service on Sparboe's behalf or to otherwise facilitate service on Sparboe. Neither I nor my co-counsel in this matter represent Sparboe in any capacity.

4. By email dated June 16, 2026, I disclosed the following to Plaintiffs' counsel: "In 2024, Opal acquired certain assets from Sparboe. At all times before and after the acquisition, Sparboe has been an independent entity with no direct or indirect ownership in common with Opal." I contacted Plaintiffs' counsel because the original class action complaints that named Opal as a defendant incorrectly alleged that Opal had acquired Sparboe itself. On June 22, 2026, I participated in a follow-up telephone call with Plaintiffs' counsel in which I reiterated that Opal had not acquired Sparboe and that the two entities were entirely independent of each other.

5. On September 2, 2026, after reviewing the Text Order, I emailed Plaintiffs' counsel to remind them of the facts that were previously disclosed to them and to request that they promptly file a correction to their Notice. Whether Plaintiffs file a correction or not, Opal is submitting this declaration to ensure there is no confusion regarding the relationship between Opal and Sparboe and to advise the Court that Opal is in no better position to assist Plaintiffs with effectuating service on Sparboe than is any other defendant.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2d day of September, 2026, in Boston, Massachusetts.

*/s/ Alicia L. Downey*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 2, 2026.

/s/ *Alicia L. Downey*